THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **DEWAINE JACKSON JR.,** § <br> Plaintiff, § <br> § <br> v. § <br> § <br> § <br> § <br> **BNSF RAILWAY,** § <br> Defendant. § <br> § | **Civil Action No.** <br><br><br><br><br><br>**JURY DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

**DEWAINE JAKCSON JR.**, Plaintiff in the above numbered and styled cause, files his Original Complaint complaining of **BNSF RAILWAY,** Defendant herein, and in support thereof shows this Court as follows:

This is a suit in law and in equity, authorized and instituted pursuant to Section 1981 of the Civil Rights Acts of 1866, 42 U.S.C. §1981 ("Section 1981"). The jurisdiction of this Court is invoked to secure the protection of and redress the deprivation of rights secured by these laws protecting people such as the Plaintiff from employment discrimination, including termination, based on race (Black/African American).

**Venue**

1. Venue is proper in the U.S. District Court for the Southern District of Texas, Houston Division. Venue in this Court is provided for in any district in which the private employer of the person maintains a place of business pursuant to

28 U.S.C. § 1391(b). A substantial part, if not all, of the cause of action accrued or arose in the Southern District of Texas. Defendant maintains sufficient business contacts within a county in the Houston Division. Furthermore, the Plaintiff resided within the Houston Division during the pertinent time period in question.

## Parties

2. Dewaine Jackson Jr. ("Mr. Jackson", Black/African American) is a United States citizen and was residing in Texas during the relevant time period of Mr. Jackson's claims. At all times material hereto, Mr. Jackson was an employee of Defendant, as understood and defined by Section 1981.

3. BNSF Railway is a Delaware corporation ("Defendant"). It may be served with this lawsuit by serving its registered agent for service of process, CT Corporation Systems, 1999 Bryan St., Ste. 900, Dallas TX. 75201. At all times material hereto, Defendant was Mr. Jackson's employer, as understood and defined by Section 1981.

## Facts[1]

4. Mr. Jackson has been an employee of BNSF since 2007. During this period of time, Mr. Jackson was and continues to be an excellent employee for BNSF. During the time period that is the subject matter of the present lawsuit, Mr. Jackson was either employed as a Conductor for the BNSF Gulf Division or unemployed because of BNSF's discriminatory actions.

---

1  These facts are by no means exhaustive.

5. Mr. Jackson takes immense pride in his job and was given the "top gun" award for his recertification, only five months before he was unlawfully terminated. Indeed, Mr. Jackson scored in the top 5% in the nation out of approximately 20,000 Engineers on his recertification. Nevertheless, on or about August/September 2017, Mr. Jackson was unlawfully terminated by BNSF, based on unsubstantiated allegations that Mr. Jackson falsified his FMLA paperwork. BNSF also broke its own rules/regulations, as it investigated Mr. Jackson outside of the BNSF time period limitation in place to conduct an investigation.

6. On or about December 2019, Mr. Jackson employment was reinstated by BNSF, approximately two and half years after being terminated for baseless allegations that he falsified his FMLA paperwork. However, Mr. Jackson was reinstated only after an arbitrator ruled for Ms. Jackson against BNSF, awarding Mr. Jackson his job back. However, the arbitrator failed to award Mr. Jackson back-pay for the approximately two and a half years Mr. Jackson was unemployed after his discriminatory termination from BNSF.

7. On or about March 2020, after returning to work, after being reinstated by the arbitrator, Mr. Jackson learned that two similarly situated White conductor coworkers had similar issues regarding their FMLA paperwork. The two similarly situated conductor's names are JG Elliot (White, Caucasian) and J Williams III (White, Caucasian). Neither Mr. Elliot or Mr. Williams were terminated by BNSF. Black employees who are employed by BNSF, including but not limited to the Plaintiff in this matter, are routinely subjected

to different terms and conditions of employment compared to their white counterparts.

8. Conductor JG Elliot applied for either a disability or a medical waiver. BNSF felt Mr. Elliot's paperwork was fraudulent and even accused his union representative of creating false documents. However, Mr. Elliot was not disciplined for submitting fake paperwork. On the other hand, Mr. Jackson was fired because a few dates didn't match up on his FMLA paperwork and BNSF refused to consider evidence that Mr. Jackson provided that proved he did nothing wrong.

9. On or about February/March 2020, another Caucasian Conductor named J Williams III also had an issue regarding his FMLA paperwork. What Mr. Williams and his doctor agreed upon for days off and what the doctor put down on Mr. Williams paperwork was different. Due to this mishap he was in violation of BNSF's attendance policy. Instead of investigating Mr. Williams misconduct, BNSF allowed him to resend his paperwork and worked it out with him. However, Mr. Jackson was terminated for a similar issue with his FMLA paperwork.

10. On or about February 2020, Mr. Jackson requested a transfer for his engineer card, which is a career enhancing move. However, it has been nearly nine months since Mr. Jackson made his transfer request, yet BNSF has not granted it, but in that same time period two of his Caucasian engineer coworkers received their transfer. SJ Farm (White, Caucasian) and JM Meyers (White, Caucasian) received their transfers in six months or less. By not allowing Mr.

        Jackson to transfer his engineer card handicaps his ability to work certain jobs in Houston, which in turn directly affects Mr. Jackson's earning potential.

11. Mr. Jackson and other African American Engineers/Conductors have been subject to unequal discipline which is designed to cause African-Americans to be terminated from their employment and/or threatened with termination for perceived or alleged infractions. BNSF also has a practice of ignoring violations or rules by Non-African Americans but at the same time subjecting similarly situated African American's like Mr. Jackson to formal investigations and discipline.

12. BNSF also intentionally affords Non-African Engineer/Conductors with opportunities that foster the career growth but do not afford the same opportunities to African Americans like Mr. Jackson.

13. Defendant's action of terminating Mr. Jackson and not affording him the same opportunities for growth within BNSF is motivated by his Race and Defendant's actions are willful.

## CAUSES OF ACTION

14. Plaintiff hereby incorporate all facts stated in the preceding paragraphs as if set forth fully herein.

**Race Discrimination under Section 1981**

15. Defendant has intentionally discriminated against Plaintiff based on his race (Black/African American) in violation of Section 1981 and terminated Plaintiff due to his race.

16. As a result of Defendant's actions in violating provisions of Section 1981 as

described herein, Plaintiff has suffered and continues to suffer a loss of wages, benefits and other compensation due in the past and which will be suffered and due in the future.

## DAMAGES

17. Plaintiff seeks actual damages, including but not limited to lost wages and benefits.

18. As a result of Defendant's intentional, discriminatory and unlawful acts described above, Plaintiff has suffered and continues to suffer actual damages and compensatory damages including but not limited to mental anguish, humiliation, emotional distress and damage to his professional reputation, all to his detriment and compensable at law.  Plaintiff also sues for the recovery of punitive damages as authorized by statute.

19. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this action for preliminary and permanent injunction is the only available means of securing adequate relief.  Plaintiff presently suffers and will continue to suffer irreparable injuries from Defendant's policies, practices, customs, and usages set forth herein.

20. The effect, purpose and intent of the policies and practices pursued by Defendant has been and continues to be to limit, classify, and willfully discriminate against employees on the basis of their race and otherwise adversely affect their status as employees because of same.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court advance this cause on the docket, order a speedy trial at the earliest practicable date and cause this case in every way to be expedited and upon such hearing to:

i. Grant Plaintiff a preliminary and permanent injunction enjoining Defendant, its agents and employees and those acts from continuing to maintain the policies, practices, customs or usages which discriminate against Plaintiff because of race, or otherwise deprive Plaintiff of his rights and privileges secured by Federal Law.

ii. Grant Plaintiff a declaratory judgment that the practices, policies, customs and usages complained of herein are violative of his rights protected by Section 1981.

iii. Order the Defendant to grant Plaintiff additional equitable, actual and compensatory relief, requiring said Defendant to make Plaintiff whole, including but not limited to promotions, back pay and front pay including all accrued interest, insurance benefits, pension benefits, bonuses, vacation benefits, sick leave, and other incidental benefits that attach to and were incidental to Plaintiff's employment with Defendant and incidental to each such position sought by Plaintiff, as authorized by statute.

iv. Order the Defendant to pay Plaintiff compensatory damages.

v. Order the Defendant to pay Plaintiff punitive damages.

vi. Grant an Order restraining Defendant from any retaliation against Plaintiff for participation in any form in this action.

vii. Grant Plaintiff his costs incurred herein, and as part of such costs, reasonable Attorneys' fees and Expert witness fees and such further, additional or alternative

relief and affirmative action orders as may appear equitable and just.

                              Respectfully submitted,

By:   /S/ Ashok Bail
       ASHOK BAIL
       The Bail Law Firm, PLLC
       STATE BAR #24043541
       3120 Southwest Freeway, Suite 450
       Houston, Texas 77098
       (832) 216-6693 (Tel)
       (832) 263-0616 (Fax)
       ashok@baillawfirm.com

       ATTORNEY FOR PLAINTIFF